UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE MARIN,

Plaintiff,

-against-

SEPHORA USA, INC.,

Defendant.

No. 20 Civ. 3520 (CM)

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**

McMahon, C.J.:

Plaintiff Michelle Marin ("Plaintiff") initiated this personal injury action against

Defendant Sephora USA, Inc. ("Sephora") on October 1, 2018, in the Supreme Court of the State

of New York, New York County. *See Marin v. Sephora USA, Inc.*, No. 159081/18 (N.Y. Sup.

Ct., New York Co.); (Dkt. No. 1, Notice Removal at Ex. B.) Plaintiff alleges that on August 4,

2018, while shopping at Sephora's retail location at 555 Broadway, New York, New York, a

1

Sephora employee caused her to fall to the ground and suffer personal injuries. Plaintiff claims that her injuries were the result of Sephora's negligence.

Sephora is a Michigan corporation licensed to do business in New York State with its principal place of business in California. Plaintiff is a New York resident.

On May 6, 2020, Sephora removed this action to this Court based on diversity of citizenship.

Plaintiff now moves to remand this action to the New York State Supreme Court, on the ground that Sephora's notice of removal was not timely under Sections 1446(c)(1) and 1446(b) of Title 28 of the United States Code.

For the reasons set forth herein, Plaintiff's motion to remand is GRANTED.

## BACKGROUND

### I.     Parties

Sephora is a national retailer of personal cosmetics. It operates a store at 555 Broadway, New York, New York, where the incident giving rise to this action allegedly occurred. (Dkt. No. 1, Notice Removal at Ex. E ¶ 3.) At the time Plaintiff initiated this action, Sephora was a Delaware corporation with its principal place of business in California. (*Id.* at Ex. J ¶ 2.) Sephora became a Michigan corporation with its principal place of business in California on December 31, 2019. (*Id.* at Ex. J ¶ 3.)

Plaintiff Michelle Marin is a New York resident who allegedly suffered injuries at Sephora's 555 Broadway location on August 4, 2018. (*Id.* at Ex. B ¶ 1.)

### II.    Factual Background

When considering a motion for remand, "all non-jurisdictional facts alleged in the complaint are assumed to be true," *New York by Schneiderman v. Charter Commc'ns, Inc.*, No.

2

17 CIV. 1428 (CM), 2017 WL 1755958, at *1 (S.D.N.Y. Apr. 27, 2017), and courts "resolv[e] any doubts against removability" and in favor of remand, *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Jurisdictional facts may be drawn from the complaint, as well as affidavits, exhibits, and declarations submitted by the parties. *Nix v. Office of Comm'r of Baseball*, No. 17-CV-1241 (RJS), 2017 WL 2889503, at *1 (S.D.N.Y. July 6, 2017) (citing *Hyatt Corp. v. Stanton*, 945 F. Supp. 675, 677 (S.D.N.Y. 1996)).

Here, the only relevant jurisdictional fact is the amount in controversy. Diversity of citizenship is uncontested. However, diversity alone does not give rise to federal jurisdiction. Only if the plaintiff alleges injuries in an amount that exceeds the federal jurisdictional threshold – $75,000 – can a diversity case be removed from state to federal court. 28 U.S.C. § 1332.

A civil action must ordinarily be removed within thirty days of a defendant's receipt of the initial pleading asserting a claim for relief. 28 U.S.C. § 1446(b)(1). If "the case stated by the initial pleading is not removable," the defendant must file a notice of removal within thirty days of receiving "an amended pleading, motion, order, or other paper from which it may first be ascertained" that the case is removeable. 28 U.S.C. § 1446(b)(3).

However, in all events, removal on the basis of diversity jurisdiction must be accomplished within one year after the action's commencement, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "Bad faith" conduct includes a plaintiff's deliberate failure to "disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B).

### III.     Procedural Background

Plaintiff alleges that she sustained personal injuries from a fall after one of Sephora's employees came into contact with her, and that her injuries were caused by Sephora's negligence. (Dkt. No. 1, Notice Removal at Ex. B ¶ 9.)

Plaintiff's complaint was filed in the New York State Supreme Court in New York County on October 1, 2018, based on the location of the Sephora store where Plaintiff claims she sustained her injuries. (*Id.* at Ex. B ¶¶ 1-3.) The complaint includes a generalized prayer for relief; it does not specify the amount of damages sought. This accords with Section 3017(c) of New York Civil Practice Law and Rules, which provides that "in an action to recover damages for personal injuries or wrongful death, the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c); (Dkt. No. 1, Notice Removal at Ex. B.)

On January 8, 2019 – over three months after the filing of the complaint – Sephora served a demand for the total amount of damages sought, pursuant to N.Y. C.P.L.R. 3017(c), along with a demand for a bill of particulars. (Dkt. No. 1, Removal at Ex. F 19.) Plaintiff's counsel did not ask Sephora for a bill of particulars.

Plaintiff responded on April 12, 2019, with a bill of particulars that included descriptions of Plaintiff's injuries, but omitted to state a damages figure. (*Id.* at Ex. G.)

Sephora objected to this response in a letter dated April 18, 2019, in which it highlighted Plaintiff's failure to respond to its demand for damages. (Dkt. No. 11, Decl. O'Hagen Supp. Pl.'s Mot. Remand at Ex. H 1-2.) Sephora's letter also identified several other omissions and ambiguities in Plaintiff's response. It pointed out that three documents referred to in Plaintiff's bill of particulars as "attachments" were missing, asked what a witness identified only as "Brea"

4

had allegedly seen, and sought clarification about a document called a "Notice of Discovery" to which Plaintiff referred. (*Id.* at Ex. H 2.)

On June 4, 2019, the parties attended a preliminary conference in state court, where the court entered an order requiring plaintiff to respond to Sephora's April 18, 2019 letter by July 5, 2019. (*Id.* at Ex. I 1-2.) Plaintiff failed to respond on that date.

Sephora let two months pass, and then sent a second demand letter, dated September 13, 2019, seeking the production of all outstanding discovery. (*Id.* at Ex. K.) On September 20, 2019, Plaintiff, through counsel, responded by providing a duplicate copy of the incomplete bill of particulars that had originally been served on April 18, 2019. (*Id.* at Ex. K.) Obviously, that response did not provide the missing damages information.

At a September 25, 2019 compliance conference in state court, the parties entered a court-ordered stipulation requiring Plaintiff to respond to Sephora's April 18, 2019 letter by providing outstanding discovery within thirty days, or by October 25. (*Id.* at Ex. L.) However, Sephora sent an additional letter requesting outstanding discovery, including a demand for damages sought, on October 24, 2019. (*Id.* at Ex. M.) Another compliance conference in state court on January 7, 2020, led to yet another court-ordered stipulation, this one requiring Plaintiff to respond to Sephora's October 24, 2019 letter within thirty days. (*Id.* at Ex. N.)

On February 12, 2020, after Plaintiff failed to comply with the January 7 order, Sephora filed a motion to dismiss Plaintiff's complaint due to noncompliance with discovery and with a court order, or in the alternative to compel Plaintiff to respond to discovery demands. (*Id.* at Ex. P.)

Around this time, Plaintiff appears to have hired a new lawyer to represent her. On February 7, 2020, Plaintiff's prior counsel insisted in a letter that her new (and current) counsel

recognize and pay a lien for attorney's fees before new counsel would be advised about the "status of the case." (Dkt. No. 11, Decl. O'Hagen Supp. Pl.'s Mot. Remand at Ex. O 2.) In a February 14, 2020, letter, Plaintiff's original counsel advised her new counsel that Sephora's lawyers had "made a motion" in New York state court, which was returnable March 12, 2020. (*Id.* at Ex. Q.) Plaintiff's new attorneys first received her case file on February 28, 2020 – two days after they had sent proof of payment and written acknowledgement of the lien for attorney's fees. (*Id.* at Ex. R; Decl. O'Hagen Reply ¶ 3, Dkt. No. 17.) The file's contents indicated that Plaintiff's prior attorneys had not served any discovery demands on Sephora during the more than one year they had represented Plaintiff. (Decl. O'Hagen Reply ¶¶ 3, 6, Dkt. No. 17.)

Plaintiff was found in default for nonappearance at a March 3, 2020, compliance conference in state court – which Plaintiff attributes to her new counsel's appearing at the conference without having first filed a formal notice of substitution. (Dkt. No. 11, O'Hagen Decl. at Ex. S; *id.* ¶ 4.)

On March 9, 2020, after Plaintiff filed a consent to change attorneys, the parties stipulated to adjourn Sephora's motion to dismiss and compel discovery to May 7, 2020. (Dkt. No. 11, O'Hagen Decl. at Ex. T.)

On March 20, 2020, after New York State courts suspended nonessential operations in light of the COVID-19 pandemic, Plaintiff's new counsel finally responded by mail to Sephora's long-unanswered request for discovery. The response included a demand for $5 million in damages, which is substantially in excess of the jurisdictional threshold. 28 U.S.C. § 1332; (*id.* at Ex. U.) The same response was filed with the state court electronically on May 4, 2020. (Dkt. No. 1, Removal at Ex. I.)

Sephora filed a notice of removal in this Court on May 6, 2020. This was over one year and seven months after Plaintiff initiated the action in state court, (*id.* at Ex. B), and forty-five days after plaintiff mailed her response to Sephora's demand for damages, (*id.* at Ex. I.) It was, however, just two days after the notice was filed electronically. (Dkt. No. 13, Decl. Bai Opp'n Mot. Remand at Ex. A.)

On March 20, 2020, the same day Plaintiff mailed her response to Sephora's demand for discovery, the office of Sephora's counsel closed pursuant to the "New York State on PAUSE" executive order during the onset of the COVID-19 pandemic. (Aff. Heyliger Opp'n Mot. Remand ¶ 4, Dkt. No. 15.) The same day, Sephora's counsel filed a change of address request with the U.S. Postal Service, redirecting all mail addressed to Sephora's counsel to the home address of their office manager. (Dkt. No. 15, Aff. Heyliger Opp'n Mot. Remand ¶ 5, Ex. A.) The change of address was scheduled to go into effect on March 23, 2020. (*Id.* ¶ 5, Ex. A.) A confirmation from the U.S. Postal Service explained that, as a result of the change of address request, receipt of incoming mail would be delayed by between seven and ten days after March 23, excluding Sundays. (*Id.* ¶ 5, Ex. A.) According to this timeline, the forwarded response should have been delivered to counsel's office manager's home no later than Monday, April 3, 2020.

## THE PENDING MOTION

Plaintiff seeks a remand to the Supreme Court of the State of New York, County of New York on the theory that Sephora's notice of removal was not timely filed. Specifically, Plaintiff contends that Sephora (A) violated 28 U.S.C. § 1446(c)(1) by filing its notice of removal "more than 1 year after commencement of the action," and (B) violated 28 U.S.C. § 1446(b)(1) by

removing more than thirty days after receiving notice that the case was removable. (Mem. L.

Supp. Pl.'s Mot. Remand 7-10, Dkt. No. 9.)

In response, Sephora argues that Plaintiff's delayed response to its discovery requests

constitutes "bad faith" under § 1446(c)(1), thereby exempting it from the one-year removal

window, and that the thirty-day window for removal under § 1446(b)(3) did not begin to run

until May 4, 2020. (Def.'s Mem. Opp'n Mot. Remand 2, 6, Dkt. No. 12.)

It is indisputable that Sephora's notice of removal was filed well more than one year after

the filing of Plaintiff's initial pleading. (Pl.'s Mem. 9, Dkt. No. 9; Def.'s Opp'n 6, Dkt. No. 12.)

The removal statute requires that a defendant remove an action within one year of its

commencement in state court. 28 U.S.C. § 1446(c)(1). But Sephora contends that it should not be

bound by this restriction because Plaintiff "has acted in bad faith" in an effort to prevent removal

by "deliberately fail[ing] to disclose the actual amount in controversy." 28 U.S.C. §§ 1446(c)(1),

(3)(B). Specifically, Sephora argues that Plaintiff's failure to respond to its four requests for

damages and three court-ordered stipulations collectively constitute a deliberate effort to conceal

the amount in controversy and prevent removal. (Def.'s Opp'n 6, Dkt. No. 12.)

Plaintiff instead attributes her delayed response to her previous attorney's oversight.

(Pl.'s Reply Mem. L. Supp. Mot. Remand 10, Dkt. No. 16.) She also argues that Sephora

"consented" to her late response by entering into the September 25, 2019 stipulation, which

extended Plaintiff's time to respond beyond the one-year statutory limit for removal, and by

failing to file a formal motion to compel discovery prior to March 3, 2020, which was well after

the removal deadline. (Pl.'s Mem. 11, Dkt. No. 9.)

As for Plaintiff's second argument, the parties agree that Plaintiff's March 20, 2020,

response to Sephora's demand for damages constitutes an "amended pleading, motion, order or

8

other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); (Removal ¶ 10, Dkt. No. 1; Pl.'s Mem. 8, Dkt. No. 9.) The removal statute provides that a defendant has thirty days from this date to remove an action, as long as the initial pleading did not provide notice that the action was removable – which it most certainly did not. 28 U.S.C. § 1446(b)(3).

The parties disagree, however, about when Sephora received Plaintiff's mailed response dated March 20 and so had notice that the case was removeable. Ordinarily, there exists a rebuttable presumption that mail is received within three days of its being sent. *Melendez v. Cablevision Systems Corp.*, 2018 WL 2727890, at \*7 (S.D.N.Y. June 6, 2018) (quoting *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525-26 (2d Cir. 1996)). This presumption would suggest that Plaintiff's response was delivered on or about March 23. But the mail was addressed to the offices of Sephora's attorney, which had closed on March 20 due to the pandemic. Sephora's counsel's office manager had arranged to have USPS forward the mail to her home, and per evidence from USPS, the letter from Plaintiff's counsel should have been delivered there by April 3 – more than 30 days before May 6. (Dkt. No. 15, Aff. Heyliger Opp'n Mot. Remand ¶ 5, Ex. A.)

Sephora's counsel has provided a sworn affidavit from its office manager claiming that Plaintiff's mailed was received May 28, 2020, sixty-nine days after Plaintiff mailed it. (Dkt. No. 15, Aff. Heyliger Opp'n Mot. Remand ¶ 9.) It has also provided records of internal email exchanges, in which an attorney and office manager denied having received Plaintiff's mailed response before May 28, along with two declarations of employees describing said exchanges. (Dkt. No. 13, Bai Decl., Exs. B, C; Dkt. No. 14, Crecco Decl. ¶¶ 2-5, Ex. A.) If Sephora's contention is true, then its counsel did not have notice that the case was removeable until

Plaintiff's response was electronically filed on May 4, 2020, and its May 6 removal would have come safely within the thirty-day limit. (Def.'s Opp'n 2-3, Dkt. No. 12.)

All that is very interesting, but in the end it is irrelevant. Unless the court finds bad faith, the one year rule requires remand. And as will be seen below, Sephora fails to hurdle the high bar for showing bad faith.

## DISCUSSION

### I.      Removal under 28 U.S.C. § 1446

Under 28 U.S.C. § 1441, a party may remove a civil action brought in state court when the federal court has original jurisdiction over the action. Federal courts have original jurisdiction over civil actions where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (Citing 28 U.S.C. § 1332(a)(1)). Diversity jurisdiction is not contested here.

While a procedural defect in removal does not deprive a federal court of jurisdiction, courts "construe removal statutes strictly and resolve doubts in favor of remand." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002)). This is done "out of respect for the limited jurisdiction of the federal courts and the rights of states." *AF Trucking, Inc. v. Business Fin. Servs.*, No. 19-CV-8149 (CS), 2020 WL 2765678, at *2 (S.D.N.Y. May 28, 2020) (quoting *In re Methyl Tertiary Butyl Ether*, 488 F.3d at 124).

Accordingly, a defendant asserting jurisdiction in a removal petition "has the burden of establishing that removal was proper." *Wade v. Burns*, 803 Fed. Appx. 433, 435-36 (2d Cir. 2020) (citing *United Food & Commercial Workers Union, Local 919 v. Centermark Properties*

10

*Meriden Square*, 30 F.3d 298 (2d Cir. 1994)). Under this standard, the party seeking remand is "presumed to be entitled to it unless the removing party can demonstrate otherwise." *Bellido-Sullivan v. Am. Int'l Group, Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000).

### Timeliness under 28 U.S.C. § 1446(c)(1)

Removal is ordinarily required within thirty days of the filing of a complaint. 28 U.S.C. § 1446(b)(1). There are exceptions to this rule, one of which is that a case may be removed within thirty days of the filing of a pleading or other document that first reveals the existence of federal jurisdiction. 28 U.S.C. § 1446(b)(3).

However, removal on the basis of diversity jurisdiction under § 1446(b)(3) must be accomplished within one year of the commencement of the action in state court. 28 U.S.C. § 1446(c)(1). That is true even if a pleading or other document demonstrating the existence of federal jurisdiction is first filed more than one year after the commencement of the action in state court. 28 U.S.C. § 1446(c)(1); *see, e.g.*, *Martinez v. Yordy*, No. 16 CIV. 005 (BMC), 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016). The only exception to the otherwise absolute bar on removal after one year is when "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

When "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal," the conduct qualifies as "bad faith" and can equitably extend the one-year rule. 28 U.S.C. § 1446(c)(3)(B). District courts in this Circuit have "granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (citing *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 431 (S.D.N.Y. 2005)). Courts have found "strategic behavior" and denied remand,

notwithstanding the passage of a year, where plaintiffs dismissed a non-diverse defendant just

days after the one-year window for removal expired, *In Re Rezulin Products Liability Litigation*,

2003 WL 21355201, No. 00 Civ. 2843(LAK), at *2 (S.D.N.Y. June 4, 2003), "belatedly add[ed]

a defendant in response to an attempted or anticipated removal," *Cruz v. Stop & Shop*

*Supermarket Co. LLC*, No. 19-CV-11565 (RA), 2020 WL 3430193, at *4 (S.D.N.Y. June 23,

2020) (citing *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-28 (5th Cir. 2003)), and

ignored four discovery requests over a year and a half without explanation, *Ford-Smith v. HMS*

*Host Corp.*, No. 1:19-CV-0947 (GTS/ML), 2020 WL 1242394, at *5 (N.D.N.Y. Mar. 16, 2020).

Conversely, courts do not grant bad faith exceptions "where plaintiff's actions [do] not

evince a specific desire to prevent removal," even if "delay in defendants' removal could be

traced to plaintiff's actions." *Martinez*, 2016 WL 8711443, at *2. Courts in this Circuit have

declined to infer strategic conduct and excuse an untimely removal where plaintiffs have failed

to answer multiple requests for damages, *id.* at *2-3, fraudulently joined a nondiverse party in the

original complaint, *Hill*, 386 F. Supp. 2d at 431, requested three extensions to respond to a

motion to dismiss a nondiverse party, *Cruz*, 2020 WL 3430193, at *3-4, and included in the

original complaint a non-diverse party whom they "actively prosecuted the case against,"

*Ehrenreich*, 994 F. Supp. 2d at 288-89.

In *Martinez*, a judge in the Eastern District of New York declined to find an intent to

obstruct removal on a set of facts virtually identical to those presented here. *Martinez*, 2016 WL

8711443, at *3. The *Martinez* plaintiff failed to respond to four discovery requests from the

defendant and two court orders to specify the amount of damages, delaying the defendant's

ability to remove until after one year from the action's commencement. *Id.* at *1. The defendant,

however, had failed to pursue "other available avenues in order to meet the statutory

requirements for removal" by making no effort to ascertain the amount in controversy for a five month span of the one-year removal window, and by failing to move to compel discovery before one year had lapsed. *Id.* In this context, the *Martinez* plaintiff's failure to respond was deemed "negligence, but not bad faith;" as occurred here, plaintiff had switched attorneys, and her new attorney stated that he was "unaware" of the defendant's discovery demands until removal,"due to the firm's practice in responding to discovery requests." *Martinez*, 2016 WL 8711443, at \*3.

Here, as in *Martinez*, the actions of plaintiff's counsel better resemble negligence than "strategic gamesmanship" calculated to prevent removal. *Ehrenreich*, 994 F. Supp. 2d at 288. Here, Plaintiff' counsel has proffered specific evidence of her prior attorneys' multiple aspected of neglecting her case. Plaintiff's original attorneys failed to serve any discovery requests on Sephora, (Decl. O'Hagen Supp. Mot. Remand ¶ 6, Dkt. No. 17), and twice served identical bills of particulars that referred to missing attachments, unidentified witnesses, and nonexistent court filings, (Dkt. No. 11, Decl. O'Hagen Supp. Mot. Remand at Exs. K, H 1-2.) These instances of carelessness also align with the extended and difficult transition between Plaintiff's old and new attorneys – her new counsel (hired well more than a year after the case was first filed) was denied access to her legal file and was not given any information about her case (indeed, was not even told whether a lawsuit had been filed) until an extended correspondence concerning attorney's fees had taken place. (Dkt. No. 11, O'Hagen Decl. at Ex. O 2, Q, R; Decl. O'Hagen Reply ¶ 3, Dkt. No. 17.) Plaintiff's delayed discovery accords with the otherwise neglectful handling of her case by her prior counsel and not intentional obstruction.

Additionally, as was the case in *Martinez*, Sephora "had the opportunity to take further action to ensure removal before one year had elapsed." *Martinez*, 2016 WL 8711443, at \*3. As with the *Martinez* defendant, Sephora's attorneys let crucial months of their one-year removal

window pass without making any attempts to ascertain the amount in controversy – they waited three months before serving their damages demand, (Dkt. No. 1, Removal at Ex. F 19), and then let six months go by without a response before engaging the court in an informal attempt to obtain that response, (Dkt. No. 11, O'Hagen Decl. at Ex. I.) Sephora also waited two months after Plaintiff's counsel violated a court-ordered stipulation to respond before sending a second demand letter, and did not make a formal motion to compel until four months after the one-year limit for removal had lapsed. (*Id.* at Exs. K, P.) Indeed, Sephora's counsel, who are charged with knowing the rules concerning removal, consented to an extension of the deadline for Plaintiff to specify the amount in controversy that took the required response date beyond the one-year anniversary of the filing of the complaint!

Sephora's invocation of *Ford-Smith* also falls short. 2020 WL 1242394; (Def.'s Opp'n Dkt. No. 12.) The court in *Ford-Smith* found bad faith and permitted removal after the one-year removal limit in 1446(c)(3)(B) where the plaintiffs ignored four requests for a statement of damages over a year and half. *Ford-Smith*, 2020 WL 1242394, at *5. The court found bad faith in part because the plaintiffs "failed to articulate why they failed to respond to Defendant's discovery requests." Here, Plaintiff has provided an explanation for her delayed response – she had an incompetent and neglectful attorney, who was eventually fired after engaging in a pattern of behavior that at least arguably indicates neglect of her file. (Dkt. No. 11, O'Hagen Decl. at Ex. K; Pl.'s Reply Mem. 10, Dkt. No. 16.) I cannot say that this is a particularly compelling explanation. But where, as here, all doubts must be resolved in favor of remand, *Nguyen v. American Express Company*, 282 F. Supp. 3d 677, 682 (S.D.N.Y. 2017) (quoting *Lupo v. Human Affairs Int'l Inc.*, 28 F.3d 269 274 (2d Cir. 1994)), and where Sephora must establish Plaintiff's

bad faith by "clear and convincing evidence," *Ehrenreich*, 994 F. Supp. 2d at 290, I also cannot say that the explanation fails to demonstrate negligence rather than bad faith.

Because the only exception to the one-year rule for removal is a showing of bad faith by clear and convincing evidence, Sephora's argument that its removal was timely under § 1446(b)(3) is irrelevant and need not be considered. The case having been removed more than one year after it was filed, it must be remanded to the New York State Supreme Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this matter to the New York State Supreme Court, County of New York is granted. The Clerk of the Court is directed to remove Docket No. 8 from the Court's list of pending motions and to close the file.

This is a written opinion.

Dated:  July 15, 2020
         New York, New York

_____
                                    Chief Judge

BY ECF TO ALL PARTIES